# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | | |
|---|---|---|
| HAROLD SHAWGNESSY SIMS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:18cv00638-SWW-JJV |
| | * | |
| MARTY BOYDE, | * | |
| Sheriff, Craighead County; *et al.* | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Harold Shawgnessy Sims ("Plaintiff") is confined in the Craighead County Detention Facility.  He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional right to receive adequate medical care.   (Doc. No. 10.) For the following reasons, I recommend the Amended Complaint be dismissed without prejudice.

### II.   SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).    "In other words, the § 1915(d) frivolousness determination,

2

frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

III.   ANALYSIS

Plaintiff alleges that on September 2, 2108, Defendant Nurse Stacy Dickerson gave him a blood pressure pill that was prescribed for another detainee instead of the ibuprofen he was scheduled to receive for leg pain. (Doc. No. 10.) Plaintiff believes the remaining Defendants

failed to timely discover the error and take proper corrective action.  (*Id*.)

The Eighth Amendment requires jail officials to provide prisoners with needed medical care.  *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016).  To state a viable Eighth Amendment claim, Plaintiff must plead facts suggesting:  (1) he had an objectively serious medical need; and (2) Defendants subjectively knew of, but deliberately disregarded, that serious medical need.  See *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).  The second element requires deliberate indifference, which is a higher standard than negligence or even gross negligence.  *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001).  To constitute deliberate indifference "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness."  *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

Nothing in Plaintiff's Amended Complaint suggests Defendant Nurse Dickerson acted with deliberate indifference when she accidentally gave him the wrong medication on a single occasion.  *See Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d 805, 811-12 (8th Cir. 2000) (finding no deliberate indifference based on a nurse's occasional failures to properly dispense medications); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (affirming dismissal of a § 1983 claim where an official's misplacement and month-long delay in refilling a pretrial detainee's antidepressant prescription was at most negligence).  Plaintiff claims it took approximately ten to twelve hours for Defendants to discover the medication error, but he has not pled any facts suggesting he was harmed by that temporary delay.  *See Ervin,* 992 F.2d at 150-151; *Schaub v. VonWald,* 638 F.3d. 905, 915 (8th Cir. 2011) (holding a prisoner must show defendants "ignored an acute or escalating condition" or that the delay "adversely affected his prognosis").  Additionally, Plaintiff admits that, after the error was discovered, he was kept on observation and his blood pressure regularly

4

monitored. *See Fourte v. Faulkner Cty.,* 746 F.3d 384, 390 (8th Cir. 2014) (finding no deliberate indifference when prison medical providers "made efforts to cure the problem in a reasonable and sensible manner"). Finally, Plaintiff has not pled any facts suggesting he was harmed by taking a single dose of blood pressure medication. *See Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (to proceed with a § 1983 claim, a prisoner must have been actually harmed by a medication error). For these reasons, I conclude Plaintiff has failed to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. This case be DISMISSED without prejudice.

2. Dismissal be counted as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of October, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE